PASQUALE MINGIONE ET AL. v. NEW ENGLAND TALLOW, INC.
(VAN IDERSTINE CO.)

SUPERIOR COURT        NEW HAVEN COUNTY        FILE No. 67034

Memorandum filed July 29, 1949.

*James F. Rosen* and *Gerald W. Brownstein,* of New Haven,
for the Plaintiffs.

*Jeremiah Shea* and *Arthur D. Ratner,* of New Haven, for the
Defendants.

MELLITZ, J.  The plaintiffs seek to recover unpaid overtime
compensation alleged to be due them under the provisions of the
Fair Labor Standards Act, 52 Stat. 1060, 29 U. S. C., § 201 et
seq.

The plaintiffs were employed by the defendants as routemen
in driving trucks and collecting fats and bones from retail meat
markets in various cities and towns in Connecticut.  At the end
of each day they drove their loaded vehicles to New Haven
where they loaded the articles collected during the day into large
transfer trucks operated by the defendants to transport such
articles to the defendants' rendering plant in Long Island City,
New York.  The transfer trucks were constructed with grooves
so that compartments could be made to separate the various
types of articles collected by the plaintiffs, and it was the func-
tion of the plaintiffs to build the compartments to the size re-
quired to accommodate each type of article collected, depending
upon the quantity collected during the day, and to load the ar-
ticles collected into the compartments.  General instructions only
were given the plaintiffs to get distribution of the load in the
transfer trucks and to build the compartments accordingly.  No
specific instructions were given them as to how to load the trans-
fer trucks.

The plaintiffs were engaged in the production of goods for in-
terstate commerce and so were within the provisions of the act
dealing with maximum hours and overtime compensation unless

they were excluded by 52 Stat. 1068, § 13 (b) (1); 29 U. S. C. § 213 (b) (1) of the act, which exempts employees with respect to whom the interstate commerce commission has power to establish qualifications and maximum hours of service.

In *Pyramid Motor Freight Corporation* v. *Ispass,* 330 U. S. 695, and in *Levinson* v. *Spector Motor Service,* 330 U. S. 649, it has been held that the exemption contained in § 13 (b) (1) applies among others to employees whose activities consist of work defined by the interstate commerce commission as that of a "loader" and directly affecting the safety of operation of motor vehicles engaged in transportation on the public highways in interstate commerce; and that in determining whether an employee falls within the exemption the character of the activities involved in his job is controlling rather than the name given to his position or to the work he does. A "loader" as defined by the interstate commerce commission is an employee whose duties include the proper loading of motor vehicles for safe operation on the highways; and his activities affect "safety of operation" when he has responsibility for placing or distributing the articles loaded in such vehicles in such a manner that the safe operation of the vehicles on the highways in interstate commerce will not be jeopardized. See *Levinson* v. *Spector Motor Service,* supra, 652.

The only conclusion warranted from the facts established is that the activities of each of the plaintiffs were within the interstate commerce commission's definition of the work of a "loader" and directly affected safety of operation, and thus within the exemption in § 13 (b) (1) of the act.

Judgment may enter for the defendants to recover costs.